Matter of Goldstein (2021 NY Slip Op 04710)





Matter of Goldstein


2021 NY Slip Op 04710


Decided on August 18, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
COLLEEN DUFFY, JJ.


2020-04042

[*1]In the Matter of Gary Goldstein, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Gary Goldstein, respondent. (Attorney Registration No. 1089804)



JOINT MOTION pursuant to 22 NYCRR 1240.8(a)(5) by the Grievance Committee for the Tenth Judicial District and the respondent, Gary Goldstein, for discipline on consent. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 15, 1966.



Catherine A. Sheridan, Hauppauge, NY (Michael O. Lynch of counsel), for petitioner.
Long Tuminello, LLP, Bay Shore, NY (Michelle Aulivola of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a notice of petition and a verified petition, both dated May 4, 2020. The respondent filed an answer dated June 4, 2020. The Grievance Committee thereafter served and filed a statement of disputed and undisputed facts dated June 23, 2020, to which the respondent filed a response dated July 6, 2020. By decision and order on application of this Court dated August 6, 2020, the issues raised were referred to the Honorable John J. Halloran, Jr., as Special Referee, to hear and report. The Grievance Committee and the respondent now jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent, and request the imposition of a public censure. As provided for in 22 NYCRR 1240.8(a)(5)(i), the parties have submitted a joint affirmation dated November 13, 2020, in support of the motion. In addition, the respondent has submitted an affidavit sworn to on November 6, 2020, attesting, inter alia, to various mitigating circumstances. By virtue of the stipulation of facts presented with the joint affirmation, the parties have agreed that the following factual specifications are not in dispute:
At all relevant times, the respondent maintained and utilized incident to his practice of law an attorney escrow account at Citibank, entitled "Gary Goldstein P.C. Attorney Escrow Account" (hereafter the escrow account), account number ending 8462.
The respondent made the following deposits into the escrow account: on or about January 11, 2018, the respondent deposited $7,786.45 representing an earned legal fee in an infant's compromise settlement in connection with the Dawson matter; on or about January 26, 2018, the respondent deposited $2,500 representing earned legal fees for services provided to the law firm of Mandler & Siegler; on or about January 26, 2018, the respondent deposited $2,500 representing settlement funds in connection with the Gabriel matter, of which $2,000 represented client trust [*2]funds; and on or about February 13, 2018, the respondent deposited $15,000 representing settlement funds in connection with the Maldonado matter, of which $9,654.99 represented client trust funds. Thereafter, as of March 2, 2018, the respondent was required to have $11,654.99 on deposit in the escrow account on behalf of the Gabriel and Maldonado matters; however, the balance in the escrow account as of that date was only $5,047.79, $6,607.20 below what he was required to maintain.
Subsequently, the respondent made the following additional deposits into the escrow account: on or about March 6, 2018, the respondent deposited $250,000 in connection with the Hernandez matter, of which $164,917.81 represented client trust funds; and on or about March 16, 2018, the respondent deposited $22,500 representing settlement proceeds in connection with a separate Hernandez matter (hereinafter Hernandez-2), of which $15,000 represented client trust funds. Thereafter, between March 9, 2018, and April 16, 2018, the respondent disbursed sums totaling $181,917.81 in connection with the Hernandez, Hernandez-2, and Gabriel matters. As a
result, as of April 16, 2018, the respondent was required to have $9,654.99 on deposit in the escrow account in connection with the Maldonado matter; however, the balance in the escrow account as of that date was only $7,744.51, $1,910.48 below what he was required to maintain.
Moreover, the respondent failed to maintain records of all deposits and withdrawals from the escrow account, showing the date, source, and description of each item deposited, and the date, payee, and purpose of each withdrawal or disbursement, and failed to maintain a contemporaneous ledger book or similar record for the escrow account, showing the sources of all funds deposited into it, the names of all persons for whom the funds were held, and the description and amounts of all persons to whom these funds were disbursed.
As required by 22 NYCRR 1240.8(a)(5)(ii), the respondent has submitted an affidavit with this motion in which he conditionally admits the foregoing facts, and that those facts establish that he (1) misappropriated funds entrusted to him as a fiduciary incident to his practice of law and commingled personal funds with funds entrusted to him as a fiduciary incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0); (2) failed to make or maintain required bookkeeping records for the escrow account, in violation of rule1.15(d) of the Rules of Professional Conduct (22 NYCRR 1200.0); and (3) engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent consents to the agreed discipline of a public censure, which consent is given freely and voluntarily without coercion or duress. Lastly, the respondent states that he is fully aware of the consequences of consenting to such discipline.
In mitigation, the respondent asserts, inter alia, that this Court should consider the limited scope of the violations; lack of client harm; lack of venality; remedial measures implemented; and his volunteer activities.
As to the appropriate sanction, the parties contend that a public censure is in accord with precedent from this Court under similar circumstances.
Based on the foregoing, we find that the joint motion for discipline on consent pursuant to 22 NYCRR 1240.8(a)(5) should be granted, and that a public censure is warranted in view of the totality of the circumstances, including the respondent's admitted misconduct as well as the mitigating factors presented herein.
LASALLE, P.J., MASTRO, RIVERA, DILLON and DUFFY, JJ., concur.
ORDERED that the joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline on consent is granted; and it is further,
ORDERED that the respondent, Gary Goldstein, is publicly censured for his professional misconduct.
ENTER:
Aprilanne Agostino
Clerk of the Court